UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTT THOMAS BARRY,

     Plaintiff,

         v.                        CAUSE NO. 3:24-CV-164-CCB-SLC

ENGLISH,

     Defendant.

OPINION AND ORDER

Scott Thomas Barry, a prisoner without a lawyer, filed a complaint alleging he has mental and physical health problems. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Barry alleges he was recommended for placement in a mental health unit, but was sent to the Miami Correctional Facility which does not have a mental health unit. There is no indication any of the named defendants made the recommendation or were involved in his placement decision. Barry says he has written to two of the defendants without a response, but the "view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other

public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Barry alleges other inmates have been attacked at the Miami Correctional Facility. He alleges one died in front of his cell. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). To state a failure to protect claim, the plaintiff must plausibly allege "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Barry says he is afraid, but he has not alleged facts from which it can be plausibly inferred that he is in danger or that any of the defendants are not meeting their constitutional obligation to protect him.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Barry alleges he is not permitted to write to his emergency contacts or to an inmate housed in the United States Penitentiary Leavenworth. He does not say whether a lone individual is blocking his mail or if there is a policy reason that he is not allowed to send letters. He does not say who told him not to write or who is preventing him from sending mail. He says he wrote to Warden English but did not get a response. He sues Caseworker Justin H. Mayes whom he says delivered his complaint to Warden English. As previously explained, merely not responding to a letter does not state a claim. Neither does delivering a letter which went unanswered. This complaint does not state a claim against these defendants for monetary damages.

However, the complaint also seeks injunctive relief allowing Barry to write to his emergency contacts and the inmate at Leavenworth. Prisoners have an interest protected by the First Amendment in their incoming and outgoing mail. *Van den Bosch v. Raemisch*, 658 F.3d 778, 785–86 (7th Cir. 2011); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir.

1999). In determining whether an inmate states a First Amendment claim based on the withholding of mail, the court must consider two factors. *Koutnik v. Brown*, 456 F.3d 777, 784 (7th Cir. 2006). "First, the regulation or practice in question must further an important or substantial governmental interest unrelated to the suppression of expression." *Id.* (citation omitted). Such interests include "security, order, and rehabilitation." *Id.* (citation omitted); *see also Thornburgh v. Abbott*, 490 U.S. 401, 412 (1989). Second, the challenged action "must be no greater than is necessary or essential to the protection of that interest." *Koutnik*, 456 F.3d at 784 (citation and internal quotation marks omitted). This court may ultimately find that there are legitimate reasons for preventing Barry from writing to these people, but this complaint states a claim for injunctive relief. Though the complaint does not state a claim for monetary damages against Warden English, he is the proper defendant for the injunctive relief claim. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden of Menard is a proper defendant since Gonzalez seeks injunctive relief.") and *Clark v. Galipeau*, No. 22-2927, 2023 WL 4759312, at *1 (7th Cir. 2023) ("[T]he district court correctly designated Westville's warden in his official capacity as the proper defendant.).

Barry also filed a motion asking for several unrelated types of relief. N.D. Ind. L.R. 7-1(a) requires separate motions when separate types of relief are sought. Because Barry is proceeding without a lawyer, the court will address this motion as presented, but he is cautioned the court may not rule on unrelated requests in the same motion in the future.

4

Barry asks for a fast and speedy jury trial. ECF 5. This is a civil case and there is no right to a speedy trial in a civil case. *See* Sixth Amendment and 18 U.S.C. § 3161. The only surviving claim seeks injunctive relief and there is no right to a jury trial for claims seeking equitable relief. *See Tull v. United States*, 481 U.S. 412, 417 (1987). The motion seeks preliminary injunctive relief unrelated to the mail claim on which he is proceeding. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits . . .." *Winter v. Nat. Res. Def. Council, I*nc., 555 U.S. 7, 20 (2008). Barry cannot succeed on a claim outside the scope of this lawsuit. The motion seeks discovery of his mental health records. A motion is not the proper means of initiating discovery and his mental health records are unrelated to the mail claim at issue in this lawsuit. The motion will be denied.

In the complaint, Barry seeks a preliminary injunction allowing him to write to his emergency contacts and an inmate at the United States Penitentiary Leavenworth. N.D. Ind. L.R. 65-1(a) requires preliminary injunction motions to be filed separately, but because Barry is proceeding without a lawyer, the clerk will separately docket the complaint as a preliminary injunction motion. Warden English will be ordered to respond to both the complaint and the motion.

For these reasons, the court:

(1) GRANTS Scott Thomas Barry leave to proceed against Warden English in his official capacity for injunctive relief permitting him to write to his emergency contacts and a prisoner at the United States Penitentiary Leavenworth as required by the First Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Christina Reagle and Justin H. Mayes;

(4) DENIES the motion which seeks various types of relief (ECF 5);

(5) ADMONISHES Scott Thomas Barry to file separate motions when he is raising unrelated issues or seeking unrelated relief;

(6) DIRECTS the clerk to separately docket the complaint (ECF 1) as a preliminary injunction motion;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden English at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1);

(8) DIRECTS the clerk to fax or email a copy of the same documents to Warden English;

(9) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those documents by Warden English;

(10) ORDERS Warden English to file and serve a response to the preliminary injunction, as soon as possible but not later than **April 25, 2024**, (with supporting documentation and declarations from other staff as necessary) describing/explaining why Scott Thomas Barry is being prohibited from writing to his emergency contacts and a prisoner at the United States Penitentiary Leavenworth; and

(11) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden English to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

6

the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 29, 2024

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT