UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTT THOMAS BARRY,

    Plaintiff,

    v.                                    CAUSE NO. 3:24-CV-164-CCB-SLC

ENGLISH, et al.,

    Defendants.

OPINION AND ORDER

    Scott Thomas Barry, a prisoner without a lawyer, filed an amended complaint. ECF 28. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

    The amended complaint presents claims based on events which are alleged to have occurred on April 3, 2024. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Barry attached a copy of his grievance dated April 3, 2024. ECF 28-1. The complaint was signed five calendar days later on April 8, 2024, and filed April 10, 2024. Barry says "They did not answer"

his grievance. ECF 28 at 5. The court accepts as true that he had not received a response when he filed this lawsuit, but the Offender Grievance Process, Policy 00-02-301, provides the Offender Grievance Specialist ten <u>business</u> days to respond to a grievance. *See* https://www.in.gov/idoc/files/00-02-301-Offender-Grievance-Process-9-1-2020.pdfOffender-Grievance-Process.

To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). Because prison officials still had many days left to respond to his grievance, Barry had not yet exhausted his administrative remedies when he signed or filed the amended complaint. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). It is legally frivolous to file a case that must be dismissed.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish*

2

*v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A as legally frivolous.

SO ORDERED on May 31, 2024

                                            s/ Cristal C. Brisco
                                            JUDGE
                                            UNITED STATES DISTRICT COURT